JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHERYL MOXEY

**DEFENDANTS**
CITY OF PHILADELPHIA and TENISHA BRYAN, Detective
Philadelphia Police Department in her individual capacity,

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Douglas P. Earl, Esquire
Law Office of Douglas Earl, LLC
1015 Chestnut Street, Suite 902, Philadelphia, PA 19107
(215) 627-5970

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Unlawful arrest and prosecution based on a constitutionally deficient police investigation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.          DEMAND $ 250,000          CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*          JUDGE _____          DOCKET NUMBER _____

DATE
12/19/25

SIGNATURE OF ATTORNEY OF RECORD
*Douglas P. Earl*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Pleasant Playground, Philadelphia, PA_

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

| | | |
|---|---|---|
| 1. | Does this case involve property included in an earlier numbered suit? | Yes ☐ |
| 2. | Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? | Yes ☐ |
| 3. | Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? | Yes ☐ |
| 4. | Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? | Yes ☐ |
| 5. | Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. | Yes ☐ |

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL MOXEY, | : | CIVIL ACTION NO. _____ |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| and | : | |
| TENISHA BRYAN, | : | |
| Detective | : | |
| Philadelphia Police Department | : | |
| in her individual capacity, | : | |
| Defendants. | : | |

## COMPLAINT (Civil Rights – 42 U.S.C. § 1983)

Plaintiff Cheryl Moxey, by and through undersigned counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution and alleges as follows:

## I. INTRODUCTION

1. This civil rights action arises from the unconstitutional investigation, arrest, detention, public humiliation, and emotional harm inflicted upon Plaintiff Cheryl Moxey after Philadelphia Police Detective Tenisha Bryan sought and obtained an arrest warrant without conducting a constitutionally adequate investigation.

2. Detective Bryan relied solely upon uncorroborated allegations made by Jobbie Crittenton, together with a questionable statement displayed on Crittenton's cell phone and allegedly authored by an unidentified male, without undertaking any independent investigation.

3. Detective Bryan failed to identify, interview, or verify the existence, presence, or credibility of the unidentified male whose statement was relied

1

upon in seeking the arrest warrant.

4.    Detective Bryan failed to investigate despite the incident allegedly occurring at a crowded public park with numerous readily available eyewitnesses, including City of Philadelphia employees.

5.    Detective Bryan failed to discover or consider the existence of City of Philadelphia Parks & Recreation employee Steven Wilson, who later provided a statement directly contradicting the criminal allegations and affirmatively stating that he observed no physical assault.

6.    Based upon a complete lack of investigation, Plaintiff was publicly arrested at the Philadelphia Family Court on July 21, 2025, in full view of parents, children, attorneys, court personnel, and Family Court Deputy Sheriffs.

7.    On October 1, 2025, Plaintiff was acquitted of all criminal charges by the Honorable David C. Shuter of the Philadelphia Municipal Court.

8.    The Municipal Court criminal trial was supposed to happen on August 15, 2025 but was delayed until October 1, 2025 because Assistant District Attorney Jamonica Warren said at the bar of the court that complainant Jobbie Crittenton was in Chicago. This was a lie. Jobbie Crittenton was not in Chicago and did not appear to testify against Cheryl Moxey on August 15, 2025 because the allegations against Cheryl Moxey were ridiculous. The Assistant District Attorney was told by Judge Christian A. DiCicco to call Mr. Crittenton. Mr. Crittenton did not answer the call to his cell phone.

9.    The Municipal Court Unit of the Philadelphia District Attorney's Office refused to determine where Jobbie Crittenton was on August 15, 2025 Jobbie Crittenton has admitted that he was not in Chicago on August 15, 2025 even though he was subpoenaed to appear and testify.

10.    The Philadelphia District Attorney's Office was sent detailed information and cell phone footage which showed that Plaintiff Cheryl Moxey did not commit the crimes of Recklessly Endangering Another Person and Simple

Assault but pursued the prosecution against Cheryl Moxey.

11.    The criminal charges were thereafter exploited by Crittenton in parallel custody proceedings in an attempt to gain an advantage, damage Plaintiff's reputation, and affect Crittenton's visitation rights.  Crittenton did not like that his visitations with his son were restricted to supervised visits and wanted the custody order to change.  Crittenton had undergone a forensic evaluation and expected to have his custody visitation expanded and be unsupervised.

12.    The constitutional violations suffered by Plaintiff were caused by both the individual misconduct of Detective Bryan and the City of Philadelphia's policies, customs, and deliberate indifference, including failures to train, supervise, review, and discipline detectives who conduct constitutionally deficient investigations.

## II. JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all events giving rise to the claims occurred within the Eastern District of Pennsylvania.

## III. PARTIES

15.    Plaintiff Cheryl Moxey is an adult individual who resides at 4502 Unruh Avenue, Philadelphia, Pennsylvania 19135.

16.    Defendant City of Philadelphia is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1515 Arch Street c/o Law Department, Philadelphia, Pennsylvania 19102.

17.    Defendant Detective Tenisha Bryan is, upon information and belief, a

3

detective employed by the Philadelphia Police Department, with a business address of Philadelphia Police Department Headquarters, 400 North Broad Street, Philadelphia, Pennsylvania 19130, and is sued in her individual capacity.

## IV. FACTUAL ALLEGATIONS

18.   On June 21, 2025, Plaintiff Cheryl Moxey and Jobbie Crittenton were present at a public park in Philadelphia during a court-ordered supervised visitation issued by the Philadelphia Family Court concerning their minor child A.M.C. on a busy summer afternoon.

19.   Numerous families, parents, children, and City of Philadelphia Department of Parks and Recreation employees were present at the park at the time.

20.   A verbal argument occurred between Plaintiff and Crittenton during the visitation.

21.   Crittenton left the park and proceeded to the Philadelphia Police Department's 14th District to initiate a criminal complaint against Plaintiff rather than respond to police who arrived on the scene.

22.   At the police station, Crittenton presented Detective Bryan with a statement displayed on his cell phone that he claimed was authored by an "unknown young adult male."

23.   Plaintiff Cheryl Moxey went to the same police station on June 21, 2025 that Jobbie Crittenton went. Nobody from the police department listened to her.

24.   Detective Bryan made no effort to identify or interview the alleged author of the statement.

25.   Detective Bryan made no effort to confirm whether the alleged author was present at the park on June 21, 2025.

26.   Detective Bryan made no effort to determine whether the statement was

4

fabricated, coerced, or influenced by Crittenton.

27. Detective Bryan treated the anonymous and unverified cell phone statement as credible evidence and incorporated it into her probable cause determination.

28. Detective Bryan failed to conduct any canvass of the park for eyewitnesses.

29. Detective Bryan failed to interview any City of Philadelphia Parks & Recreation employees who were present at the scene.

30. Detective Bryan failed to request maintenance logs or information regarding park surveillance cameras.

31. Detective Bryan failed to investigate the absence of physical injuries or corroborating medical evidence.

32. On August 8, 2025, Steven Wilson, an employee of the City of Philadelphia Parks & Recreation Department, provided a statement describing his observations on June 21, 2025.

33. Wilson stated that he responded to a reported disturbance at the playground and observed no physical assault. Wilson did not observe any punches, strikes, or physical contact.

34. Wilson stated that police responded approximately ten to sixteen minutes later and that he explained his observations to responding officers.

35. Wilson's account directly contradicted Crittenton's later trial testimony that Plaintiff punched Crittenton him multiple times on June 21, 2025.

36. Detective Bryan never interviewed Wilson, never attempted to identify him, and never sought his statement prior to seeking an arrest warrant.

37. Detective Bryan interviewed Jobbie Crittenton at the police station on June 21, 2025. Detective Bryan submitted an Affidavit of Probable Cause that omitted exculpatory information and failed to disclose that her alleged

corroborating witness was unidentified, unverified, and anonymous.

38.    On July 21, 2025, Plaintiff appeared at Philadelphia Family Court for a custody hearing before the Honorable Daniel Sulman.

39.    While seated in the public waiting area outside Courtroom 6F, Plaintiff was approached by Family Court Deputy Sheriffs, handcuffed, and publicly arrested pursuant to the warrant obtained by Detective Bryan. Plaintiff, Crittenton and counsel for the parties had been inside Courtroom 6F appearing before the Honorable Daniel Sulman. The parties did not know that the Child Custody case would not be recalled and were waiting with the expectation that they would be called back into the courtroom.

40.    Plaintiff had no prior notice of the warrant.

41.    The arrest occurred in full view of parents, children, attorneys, court staff, and sheriff personnel, causing Plaintiff extreme humiliation and emotional distress.

42.    On July 22, 2025, Plaintiff was required to appear for preliminary arraignment, where bail conditions restricted contact with Crittenton and interfered with Plaintiff's ability to comply with custody orders.

43.    On October 1, 2025, the Honorable David C. Shuter granted judgment of acquittal on the charge of Recklessly Endangering Another Person and found Plaintiff not guilty of Simple Assault. It is a common police practice to charge someone with Recklessly Endangering Another Person even when the facts of an incident do not apply.

44.    As a direct result of Defendants' actions, Plaintiff suffered severe emotional distress, mental anguish, humiliation, anxiety, and reputational harm.

45.    Plaintiff has required and continues to attend mental health therapy as a result of the trauma caused by her unlawful arrest, prosecution, and public humiliation.

## V. CAUSES OF ACTION

6

## COUNT I
### Cheryl Moxey vs. Tenisha Bryan
Fourth Amendment – False Arrest and Unlawful Seizure 42 U.S.C. § 1983

46.    Plaintiff incorporates by reference Paragraphs 1 through 45 as though fully set forth herein.

47.    Detective Bryan knowingly and recklessly failed to conduct a reasonable investigation prior to seeking an arrest warrant.

48.    Detective Bryan submitted a misleading affidavit of probable cause that omitted material exculpatory facts.

49.    No reasonable police officer would have believed probable cause existed to arrest Plaintiff under the circumstances.

50.    Detective Bryan's actions directly and proximately caused Plaintiff's unlawful arrest and seizure in violation of the Fourth Amendment.

51.    As a direct and proximate result of Defendant Tenisha Bryan's conduct, Plaintiff suffered damages including loss of liberty, emotional distress, mental anguish, humiliation, reputational harm, interference with custody rights, therapy expenses, legal defense costs, and lost income.

WHEREFORE, Plaintiff Cheryl Moxey requests that this Court enter judgment in her favor and against Defendant Tenisha Bryan and award compensatory damages in the amount of $250,000, punitive damages against Detective Bryan, attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

## COUNT II
### Cheryl Moxey vs. Tenisha Bryan
Fourteenth Amendment – Substantive Due Process 42 U.S.C. § 1983

52.    Plaintiff incorporates by reference Paragraphs 1 through 51 as though fully set forth herein.

53. Detective Bryan's conduct demonstrated deliberate indifference to Plaintiff's constitutional rights.

54. Detective Bryan recklessly disregarded exculpatory evidence and knowingly relied on unreliable and fabricated information.

55. Detective Bryan's actions shocked the conscience and deprived Plaintiff of liberty, dignity, and due process of law.

56. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including loss of liberty, emotional distress, mental anguish, humiliation, reputational harm, interference with custody rights, therapy expenses, legal defense costs, and lost income.

WHEREFORE, Plaintiff Cheryl Moxey requests that this Court enter judgment in her favor and against Defendant Tenisha Bryan and award compensatory damages in the amount of $250,000, punitive damages against Detective Bryan, attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

## COUNT III
### Cheryl Moxey vs. City of Philadelphia
### Municipal Liability (Monell) 42 U.S.C. § 1983

57. Plaintiff incorporates by reference Paragraphs 1 through 56 as though fully set forth herein.

58. The City of Philadelphia maintained policies, customs, and practices that were the moving force behind the constitutional violations suffered by Plaintiff.

59. These policies and customs included failures to train, supervise, and discipline detectives regarding proper investigation standards, reliance on anonymous statements, and preparation of probable cause affidavits.

60. The City's deliberate indifference directly caused Plaintiff's constitutional injuries.

61.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including loss of liberty, emotional distress, mental anguish, humiliation, reputational harm, interference with custody rights, therapy expenses, legal defense costs, and lost income.

WHEREFORE, Plaintiff Cheryl Moxey requests that this Court enter judgment in her favor and against Defendant City of Philadelphia and award compensatory damages in the amount of $250,000, punitive damages against the City of Philadelphia, attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

## VII. JURY DEMAND

62.    Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Douglas P. Earl, Esquire
1015 Chestnut Street, Suite 902
Philadelphia, PA 19107
(215) 627-5970
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL MOXEY, | : | CIVIL ACTION NO. _____ |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| and | : | |
| TENISHA BRYAN, | : | |
| Detective | : | |
| Philadelphia Police Department | : | |
| in her individual capacity, | : | |
| Defendants. | : | |

## **VERIFICATION OF PLAINTIFF**

I, Cheryl Moxey, am the Plaintiff in the above-captioned civil action. I have read the foregoing Complaint and know the contents thereof. The facts and allegations set forth in the Complaint are true and correct to the best of my personal knowledge, information, and belief.

I understand that this Verification is made subject to the penalties of 28 U.S.C. § 1746.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 12/19/25

_____
Cheryl Moxey

10